PREGERSON, J., Dissenting:
I dissent. In this case, a procedural rule is used against a forty-eight year old immigrant woman, who, without counsel, filed a motion with the BIA to reconsider the denial of her cancellation of removal claim. Although Carranza was filing pro se, she managed to file her motion to reconsider only eleven days after the deadline. Because she filed this motion late, the BIA denied as untimely the motion to reconsider her case.
In 2002, Carranza filed an asylum application. Her application does not reflect that she had any assistance filing this claim but it was likely filed by a notario[1] of some kind. These individuals encourage undocumented immigrants to file asylum applications and collect fees for the “assistance” they render with the application. Carranza’s application does not include anything that might support an asylum claim. After her asylum office interview, Carranza was referred to immigration court where she withdrew her asylum application and applied for cancellation of removal. Although Carranza had counsel in immigration court, she made a pro se appeal to the BIA and to this court.
Carranza entered the United States when she was approximately twenty-seven-years-old. She is now forty-eight-years-old. She is the single mother of *63 three children and her youngest child is a United States citizen. Carranza has paid her taxes since 1990. She is a productive and hard-working member of our society.
When a parent is denied cancellation of removal, the government effectively deports the parent’s United States-born children. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. See, e.g., Moore v. City of E. Cleveland, 431 U.S. 494, 503-05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) (“Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation’s history and tradition.”); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that “[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment”).
Because Carranza will be separated from her U.S. citizen son, I cannot agree with the result in this case.

. Our case law recognizes the problem of notarios operating within the undocumented immigrant community. See, e.g., Morales Apolinar v. Mukasey, 514 F.3d 893, 897 (9th Cir.2008) ("All too often, vulnerable immigrants are preyed upon by unlicensed notar-ios and unscrupulous appearance attorneys who extract heavy fees in exchange for false promises and shoddy, ineffective representation. Despite widespread awareness of these abhorrent practices, the lamentable exploitation of the immigrant population continues .... ”); Mendoza-Mazariegos v. Mukasey, 509 F.3d 1074, n. 4 (9th Cir.2007) ("The immigration system in this country is plagued with 'notarios' who prey on uneducated immigrants.").